UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cr-45 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| ALLANTE FOSTER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S UNIFIED RESPONSE REGARDING ANTICIPATED INDICTMENT AND RULE 404(b) MOTION (DOC. NO. 17) AND FINDING AS MOOT DEFENDANT'S MOTION TO EXCLUDE REFERENCES TO PRIOR ATTEMPTS TO CASH FRAUDULENT CHECKS (DOC. NO. 14)**

---

Presently before the Court are two motions from Defendant Allante Foster ("Foster"). First, is Defendant's Unified Response Regarding Anticipated Indictment and Rule 404(b) Motion ("Motion") (Doc. No. 17) and Defendant's Motion to Exclude References to Prior Attempts to Cash Fraudulent Checks ("Prior Attempts Motion") (Doc. No. 14). Foster has been indicted on several charges relating to cashing a forged U.S. Treasury check and subsequently withdrawing a large portion of the cashed amount. (Doc. No. 4.) In the Prior Attempts Motion, Foster sought to exclude an alleged prior attempt to cash a forged check. (Doc. No. 14.) Since filing the Prior Attempts Motion, the Government indicted Foster on the conduct described in the motion. (*See* Doc. No. 19.) In the Motion, Foster alleges that the United States of America's ("Government") decision to indict him on an alleged attempt to cash a fraudulent check was vindictive and retaliation for attempting to exclude the incident in his Prior Attempts Motion. (Doc. No. 21 at PageID 74.)

1

For the reasons discussed below, the Court **DENIES** Defendant's Unified Response Regarding Anticipated Indictment and Rule 404(b) Motion (Doc. No. 17) and **FINDS AS MOOT** Defendant's Motion to Exclude References to Prior Attempts to Cash Fraudulent Checks (Doc. No. 14).

I.  **BACKGROUND**

On May 29, 2025, the Government obtained an indictment of Foster on five counts relating to an alleged attempt to deposit a forged U.S. Treasury check in the amount of $101,046.88 at General Electric Credit Union ("U.S. Treasury check"). (Doc. No. 4 at PageID 5-7.) Foster then withdrew approximately $96,000 from General Electric Credit Union. (*Id*. at PageID 7-8.)

Foster filed the Prior Attempts Motion on June 10, 2025, in which he sought to exclude "any and all references, testimony, or evidence relating to alleged prior attempts by the Defendant to cash fraudulent checks that are not part of the charged conduct in this case." (Doc. No. 14 at PageID 38.) Prior to a response from the Government, Foster filed the Motion. (Doc. No. 17.) The Motion sought a protective order barring the Government from indicting Foster on the conduct covered by the Prior Attempts Motion because Foster had been informed the Government would seek an indictment relating to the alleged attempt to cash a fraudulent check at Navy Federal Credit Union ("Navy Federal check"). (*Id*. at PageID 48-50; Doc. No. 20 at PageID 69-71.) In the Motion, Foster alleges that decision to indict him on the conduct covered by the Prior Attempts Motion "raises a serious inference of prosecutorial vindictiveness." (Doc. No. 17 at PageID 48-49.)

Following the filing of the motions presently before the Court, on July 8, 2025, the Government obtained the Superseding Indictment (Doc. No. 19.) In the Superseding Indictment the Government added an additional count alleging Foster attempted to deposit a forged check in

2

the amount of $101,431.21 into his personal account at Navy Federal Credit Union. (*Id*. at PageID 65-66.)

On July 9, 2025, the day after the filing of the Superseding Indictment, the Government filed its response to Foster's Motion (Doc. No. 20). Foster filed his reply on July 15, 2025 in which he now seeks to have this Court "dismiss or stay the new count in the Superseding Indictment." (Doc. No. 21 at PageID 75.)

II.     **STANDARD OF REVIEW**

Generally, prosecutors have "broad discretion" in deciding whom to prosecute and what charges to bring, but that discretion is not "unfettered." *United States v. LaDeau*, 734 F.3d 561, 566 (6th Cir. 2013); *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). "At a minimum, prosecutorial discretion is restrained by the Due Process Clause, which prohibits the prosecution from punishing a defendant for exercising a protected statutory or constitutional right." *LaDeau*, 734 F.3d at 566. Consequently, a prosecutor's decision to pursue charges may be considered vindictive, "when he acts to deter the exercise of a protected right by the person prosecuted." *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991). Therefore, "a criminal prosecution which would not have been initiated but for vindictiveness is constitutionally prohibited." *Bragan*, 249 F.3d at 481 (citing *United States v. Adams*, 870 F.2d 1140, 1145 (6th Cir. 1989)).

A defendant seeking to establish a prosecution is vindictive has two methods of doing so. First, a defendant can show "actual vindictiveness" by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." *Bragan*, 249 F.3d at 481. Second, if a defendant demonstrates: "'(1) the prosecutor has some stake in deterring the [defendant's] exercise of his rights and (2) the prosecutor's conduct was somehow unreasonable,' then the district court may find that there is a 'reasonable likelihood of vindictiveness' and may presume an improper vindictive motive." *LaDeau*, 734 F.3d at 566

(quoting *Bragan*, 249 F.3d at 482). "[I]f the defendant makes such a 'prima facie showing of a realistic likelihood of vindictiveness, it is incumbent upon the district court to conduct an evidentiary hearing where the government's explanations can be formally presented and tested.'" *United States v. Haji-Mohamed*, 533 F. Supp. 3d 598, 603 (M.D. Tenn. 2021) (quoting *Adams*, 870 F.2d at 1146.

### III. ANALYSIS

#### A. Prosecutorial Vindictiveness

Foster's Motion fails to specify which route he wishes to take to demonstrate vindictiveness on the part of the Government. Worry not, either road ends at the same destination.

As to the first path, Foster fails to cite any objective evidence[1] that the Government indicted him for exercising his right to file a procedural motion. All Foster points to is the temporal proximity between his filing of the Prior Attempts Motion and the Government informing him that it planned to indict him for the Navy Federal check. (Doc. No. 17 at PageID 48-49.) Indeed, even Foster describes this as an "inference." (*Id.*) Therefore, Foster has failed to show any objective evidence of "actual vindictiveness."

As to the second path, Foster fails to make a *prima facie* case. Foster fails to explain what stake the Government has in deterring his right to file a motion to exclude evidence. The crux of Foster's argument is that he filed a motion to exclude other acts under Fed. R. Evid. 404(b) and the decision by the Government to indict him on those other acts (the Navy Federal check) is "a pretextual misuse of the evidentiary process." (Doc. No. 17 at PageID 50.) In essence, Foster seems to argue the Government is being vindictive because it indicted him on conduct he wanted

---

[1] Foster cites no evidence at all in the Motion, which is equally fatal to his argument. For its part, the Government also fails to provide an affidavit or any evidence in support of its contentions. Fortunately, for the Government it did not carry the burden here. That being said, these basic evidentiary failures by both Parties are worrisome and should not be repeated going forward.

to exclude.

If the Court were to accept Foster's view it would upend the way federal criminal law operates. The Government would be forced to indict individuals on every possible charge from the outset, otherwise defense counsel might file broad motions invoking Fed. R. Evid. 404(b) to protect their clients from additional charges. The Government would then be prohibited from charging defendants with conduct it might not have had any reason to know of when initially indicting them. This would be an absurd result.

This leads to the second point, Foster fails to explain, in any cogent way, why the Government's conduct was unreasonable. Again, Foster infers malice in the allegation the Government knew of the Navy Federal check when it initially indicted him. The Supreme Court has recognized that the mere presence of a superseding indictment bringing additional charges, within the context of a single case, does not give rise to a presumption of unreasonableness. *United States v. Goodwin*, 457 U.S. 368, 380, 102 S.Ct. 2485 (1982). Instead, "a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." *United States v. Suarez*, 263 F.3d 468, 479–80 (6th Cir. 2001). Such is not the case here. Instead, the Government added one new count upon obtaining new evidence in support of a charge independent from the previously charged conduct. (*See* Doc. No. 20 at PageID 70-71.)

Finally, Foster argues that the Navy Federal check caused a *de minimis* financial harm, which, "underscores the lack of a compelling federal interest in separately indicting the conduct—especially when the check was already discussed in pretrial motions, the amount used was negligible, and the Defendant did not conceal the transaction." (Doc. No. 21 at PageID 75.) This type of "no harm, no foul" rationale is so preposterous that it warrants no serious discussion beyond

5

this, the Government indicted Foster for an act which is illegal under federal law. It is now the Government's burden to prove he did in fact violate federal law.

The Court finds that Foster has failed to show any objective evidence or establish a *prima facie* case of prosecutorial vindictiveness.

### B. Prior Acts Motion

The Court must also address the Prior Acts Motion. As the conduct Foster seeks to exclude in the Prior Acts Motion has now been indicted as part of this matter, it renders the relief sought moot. Needless to say, the Court will not exclude reference to an alleged criminal act that forms a count of the Superseding Indictment the Government must prove at trial. Consequently, the evidentiary hearing set for July 22, 2025 at 1:30 p.m. is vacated.

## IV. CONCLUSION

For the foregoing reasons the Court **DENIES** Defendant's Unified Response Regarding Anticipated Indictment and Rule 404(b) Motion (Doc. No. 17) and **FINDS AS MOOT** Defendant's Motion to Exclude References to Prior to Attempts to Cashe Fraudulent Check (Doc. No. 14.) The evidentiary hearing set for July 22, 2025 at 1:30 p.m. is vacated.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 18, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE